## A. D. HILL v. R. M. HATHAWAY AND HALL.

**Judicial Sales—Purchaser's Bond.**

Where land is sold by a chancellor, the bond executed by a purchaser has the force and effect of a sale bond at law.

**Judgment—Modification—Payment.**

A judgment confirming a commissioners' sale, like other judgments, may be modified, set aside, or vacated for sufficient reasons upon proper proceedings, but in the absence of fraud or misrepresentation upon the part of the beneficiary owner of the bonds, defendant cannot escape paying them in full, unless he obtains a re-trial of the motion to confirm the sale and successfully resist its confirmation.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 10, 1873.

OPINION BY JUDGE LINDSAY:

This is not a case in which the vendee can hold to his purchase and have an abatement in the price agreed to be paid. The sale was made by the chancellor, and the bonds executed by the appellant have the force and effect of sale bonds at law. By virtue of the judgment confirming the commissioner's sale, executions may issue on these bonds, and so long as this judgment remains in force, it must be executed. Like other judgments, it may be modified, set aside or vacated for sufficient legal reasons and upon proper proceedings, but in the absence of actual fraud or misrepresentation

upon the part of the beneficial owner of the bonds, appellant cannot escape paying them in full, unless he obtains a retiral of the motion to confirm the sale, and successfully resists its confirmation. In such case, of course, he would be entitled to have the amounts paid under it refunded to him, but he would be compelled to relinquish claim to the property, and another sale would be adjudged. That there might be a case of such fraudulent representation upon the part of the judgment creditor and debtor, or of the creditor alone, as would authorize the chancellor to compel him to account to the purchaser out of his bonds for the damages sustained by reason of his fraud, we do not doubt, but this is not such a case. Here it is by no means clear that the debtor misrepresented intentionally, or otherwise, the size of the lot and, if he did, when it is considered that his motive in applying to appellant to purchase was to secure the privilege of redeeming the property, it is difficult to conclude that he was actuated in the matter by anything improper or corrupt.

Hathaway, the creditor, seems to have made no representations whatever. He did not specifically mention the lot in his petition, much less describe it as containing two and one-half acres, and the description given by the court in its judgment was based upon what appeared in the levies made under the executions held by Hickman & Courtney, and not upon anything appearing in Hathaway's pleadings or exhibits. He cannot, therefore, be held responsible for the mistake of the court.

The chancellor may relieve against his own mistake by setting aside the sale, if appellant will make out a proper case, but he will not do it to Hathaway's detriment.

We conclude that to entitle appellant to the relief herein sought he would be compelled to show insolvency or non-residence and actual fraud, or material misrepresentation upon Hathaway's part upon which appellant relied and acted. None of these things are shown, and the court, therefore, properly dismissed Hill's petition. Hill cannot complain that the court did not adjudge him title to the five-eighths of an acre of land that Hall offered to convey him. This was an offer to compromise which Hill would not accept, and

which, as he rightly insists, the chancellor had no power to compel him to accept.

Judgment *affirmed.*

*Sweeney, Stuart,* for appellant.

*Ray, Walker,* for appellee.